## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JONAH JUSTUS OLSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIV-08-571-AR |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security | ) | |
| Administration, | ) | |
| | ) | |
| Defendant. | ) | |

### MEMORANDUM OPINION

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of the final decision of the Commissioner of the Social Security Administration (the "Commissioner") denying his applications for supplemental security income and disability insurance benefits. Although United States District Judge Joe Heaton initially referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B), the parties have now consented to the undersigned conducting all proceedings herein. [Doc. No. 15, 16].  The Commissioner has answered and filed the administrative record (hereinafter Tr. ____).  As the parties have briefed their respective positions, the matter is now at issue.  For the following reasons, the decision of the Commissioner is hereby reversed and the matter remanded for further administrative proceedings consistent with this opinion.

## I.  PROCEDURAL HISTORY

Plaintiff filed applications for supplemental security income and disability insurance benefits on October 7, 2005, with a protective filing date of September 9, 2005; he alleged an inability to work since June 15, 2005, due to bipolar disorder, anger management problems, depression, and manic episodes. Tr. 48-50, 64, 69, 223-28.[1]  Plaintiff's applications were denied initially and on reconsideration at the administrative level.  Tr. 32, 34, 35-38, 43-45, 229, 230-32.  Pursuant to Plaintiff's request, a hearing was held before an administrative law judge on October 11, 2007.  Tr. 46, 233-60.  Plaintiff appeared in person with his attorney and offered testimony in support of his applications.  Tr. 235, 238-48, 252-53, 255-56.  A vocational expert also testified at the request of the administrative law judge. Tr. 27,  248-58.  The administrative law judge issued his decision on January 18, 2008, finding that Plaintiff was not disabled.  Tr. 9-11, 12-20.  The Appeals Council denied Plaintiff's request for review on April 3, 2008, and the decision of the administrative law judge thereby became the final decision of the Commissioner.  Tr. 3-5.

## II.  THE DECISION OF THE ADMINISTRATIVE LAW JUDGE

In determining that Plaintiff was not disabled, the administrative law judge followed the sequential evaluation process required by 20 C.F.R. §§ 404.1520, 416.920.  Tr. 13-14. He first determined that Plaintiff had not engaged in substantial gainful activity since the alleged amended disability onset date of July 18, 2005. Tr. 14. At steps two and three, the

---

[1]At the administrative hearing, Plaintiff amended his alleged disability onset date to July 18, 2005.  Tr. 241.

administrative law judge determined that Plaintiff suffers from bipolar disorder, depressive, without psychosis, which he found to be a severe impairment, but not one which meets or equals the criteria of any listed impairment described in 20 C.F.R. Part 404, Appendix 1, Subpart P, Social Security Regulations. Tr. 14-15.

The administrative law judge next found that Plaintiff had the residual functional capacity (RFC) to perform a full range of work at all exertional levels, but that he had numerous nonexertional limitations: moderate limitation in the ability to remember locations and work-like procedures; marked limitation in the ability to understand, remember and carry out detailed instructions; moderate limitation in the ability to maintain attention and concentration for extended periods; moderate limitation in the ability to sustain an ordinary routine without special supervision; marked limitation in the ability to work in coordination with or proximity to others without being distracted by them; marked limitation in the ability to make simple work-related decisions; marked limitation in the ability to complete a normal workday and workweek without interruptions from psychologically based symptoms; marked limitation in the ability to interact appropriately with the general public; moderate limitation in the ability to accept instructions and respond appropriately to criticism from supervisors; moderate limitation in the ability to get along with coworkers or peers without distracting them or exhibiting behavioral extremes; moderate limitation in the ability to maintain socially appropriate behavior; and moderate limitation in the ability to respond appropriately to changes in the work setting. He found that Plaintiff had no significant limitation in the ability to understand, remember and carry out very short and simple instructions; or, in the ability

3

to perform activities within a schedule, maintain regular attendance and be punctual within customary tolerances.  Tr. 15-16.  Based on this RFC, and the testimony of a vocational expert, the administrative law judge determined at step four that Plaintiff could perform his past relevant work of dishwasher and janitor. Tr. 19. Accordingly, the administrative law judge found Plaintiff not disabled and not entitled to benefits.  Tr. 19-20.

## III.  STANDARD OF REVIEW

The Tenth Circuit Court of Appeals has summarized the applicable standard of review as follows:

> [W]e[2] independently determine whether the [administrative law judge's] decision is "free from legal error and supported by substantial evidence." Although we will "not reweigh the evidence or retry the case," we "meticulously examine the record as a whole, including anything that may undercut or detract from the [administrative law judge's] findings in order to determine if the substantiality test has been met."
>
> "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. It requires more than a scintilla, but less than a preponderance." Our determination of whether the [administrative law judge's] ruling is supported by substantial evidence "must be based upon the record taken as a whole." Consequently, we remain mindful that "[e]vidence is not substantial if it is overwhelmed by other evidence in the record."

Wall v. Astrue, 561 F.3d 1048, 1052 (10th Cir. 2009) (citations omitted).

To determine whether a claimant is disabled, the Commissioner employs a five-step

---

[2]Although the Tenth Circuit Court of Appeals was discussing its own standard of review, the same standard applies to the federal district court's appellate review of social security cases. Hamilton v. Secretary of Health & Human Services, 961 F.2d 1495, 1502 n. 1 (10th Cir. 1992) ("as the second-tier appellate court, a circuit court does apply the same standard of review as the district court-the standard applicable to appellate review of individual social security cases").

sequential evaluation process:

> Step one requires the agency to determine whether a claimant is "presently engaged in substantial gainful activity." If not, the agency proceeds to consider, at step two, whether a claimant has "a medically severe impairment or impairments." An impairment is severe under the applicable regulations if it significantly limits a claimant's physical or mental ability to perform basic work activities. At step three, the [administrative law judge] considers whether a claimant's medically severe impairments are equivalent to a condition "listed in the appendix of the relevant disability regulation." If a claimant's impairments are not equivalent to a listed impairment, the [administrative law judge] must consider, at step four, whether a claimant's impairments prevent her from performing her past relevant work. Even if a claimant is so impaired, the agency considers, at step five, whether she possesses the sufficient residual functional capability to perform other work in the national economy.

Wall, 561 F.3d at 1052 (citations omitted).  The claimant bears the burden to establish a prima facie case of disability at steps one through four.  Williams v. Bowen, 844 F.2d 748, 751 & n.2 (10th Cir. 1988). .  If the claimant successfully carries this burden, the burden shifts to the Commissioner at step five to show that the claimant retains sufficient residual functional capacity to perform work in the national economy given the claimant's age, education, and work experience.  Id. at 751.

## IV.  PLAINTIFF'S CLAIMS ON APPEAL

On appeal, Plaintiff raises two claims.  First, he claims that the administrative law judge committed a legal error at step four of the sequential analysis by failing to ascertain the mental requirements of his past relevant work.  Plaintiff's Opening Brief, p. 11. Plaintiff also contends that the administrative law judge's findings at step four were not supported by substantial evidence.  Id. at 18.  However, it is unnecessary to address Plaintiff's second claim of error as the first is dispositive of this appeal.

Plaintiff claims that the administrative law judge committed a legal error at step four of the sequential analysis by failing to ascertain the mental requirements of his past relevant work and then failing to make a determination that he was able to perform that past work in light of his mental limitations. Plaintiff's Opening Brief, p. 11-19. The Commissioner responds that the administrative law judge may consider and rely on information supplied by the vocational expert at step four, and that this is not a delegation of his duty. Commissioner's Brief, p. 7.

The step four analysis consists of three phases. In the first phase, the administrative law judge must evaluate the claimant's RFC. Winfrey v. Chater, 92 F.3d 1017, 1023 (10th Cir. 1996). In the second phase, the judge must determine the mental and physical demands of the past relevant work and make express findings. Frantz v. Astrue, 509 F. 3d 1299, 1303 (10th Cir. 2007); Social Security Ruling 82-62, Titles II and XVI: A Disability Claimant's Capacity to Do Past Relevant Work, in General, 1982 WL 31386, at *4 (1982). At this phase, the judge must obtain adequate "factual information about those work demands which have a bearing on the medically established limitations." Social Security Ruling 82-62, Titles II and XVI: A Disability Claimant's Capacity to Do Past Relevant Work, in General, 1982 WL 31386, at *3 (1982); see Frantz v. Astrue, 509 F.3d 1299, 1303-04 (10th Cir. 2007). In the third phase, the judge must "determine[] whether the claimant has the ability to meet the job demands found in phase two despite the mental and/or physical limitations found in phase one." Winfrey v. Chater, 92 F.3d at 1023 ( citations omitted). Plaintiff urges error at the second phase as a result of the administrative law judge's alleged failure to obtain

6

sufficient information about the mental demands of his past relevant work. The Court agrees.

The Tenth Circuit Court of Appeals addressed a similar issue in <u>Frantz v. Astrue</u>, 509 F.3d 1299 (10th Cir. 2007). There, the administrative law judge found at step two that the claimant had a severe impairment involving bipolar disorder. <u>Frantz</u>, 509 F.3d at 1304. At step four, the judge determined that the claimant had the RFC to understand, remember, and carry out instructions of the type that could be learned on the job within three months and that she could tolerate only occasional contact with the public. <u>Id.</u> at 1300. The administrative law judge found that the claimant was not disabled, relying on the vocational expert's testimony that the claimant could return to her past relevant work with her RFC. <u>Id.</u> at 1304. The Tenth Circuit Court of Appeals held that this inquiry constituted reversible error in light of the failure to elicit evidence of the mental demands of the past relevant work. <u>Id</u>.

> Here, even though the [administrative law judge] found Ms. Frantz's bipolar disorder to be a severe impairment, he did not develop any evidence regarding the mental demands of Ms. Frantz's past relevant work, either as she did it or as it is typically performed in the national economy. The [administrative law judge] stated that "[t]he impartial vocational expert ... testified that based upon the claimant's residual functional capacity, the claimant could return to her past relevant work as a general clerk, as previously performed and as generally performed in the national economy." The vocational expert (VE), however, did not testify about the mental demands of Ms. Frantz's past relevant work, and the work history report the VE filled out says nothing about that issue. The [administrative law judge's] conclusory statement that "[t]he exertional and non-exertional requirements of this job [as a general clerk] are consistent with the claimant's residual functional capacity" is insufficient under <u>Winfrey</u> to discharge his duty to make findings regarding the mental demands of Ms. Frantz's past relevant work. This case is unlike <u>Doyal v. Barnhart</u>, 331 F.3d 758, 761 (10th Cir.2003), where the [administrative law judge] quoted the VE's testimony approvingly in support of his own findings at steps two and

> three of the analysis. Here, there was no VE testimony, and no evidence of any
> kind, to establish the mental demands of Mr. Frantz's past relevant work and
> thus no evidence to support a finding that Ms. Frantz retains the mental RFC
> to work as a general clerk.

Frantz v. Astrue, 509 F.3d 1299, 1304 (10th Cir. 2007) (some citations omitted).

As in Frantz, the administrative law judge here found that Plaintiff had bipolar

disorder, a severe impairment. Tr. 14.  At the administrative hearing, the administrative law

judge then asked the vocational expert to identify Plaintiff's past work:

> Q. Could you please identify the claimant's work for the last 15 years and then
> classify it for me?
>
> A. Yes, sir.  He's worked as a janitor, which is medium, unskilled work.  He
> has been employed as a dishwasher, which is medium unskilled work.  He's
> been employed as a sign holder, which is light, unskilled work.

Tr. 248-49.  Thereafter, the administrative law judge presented a hypothetical by reference

to the June 19, 2006 mental medical source statement of psychiatrist B.R.Raju, M.D., see Tr.

193-96, 250, which contained numerous moderate and marked limitations in basic work

functions.  The hypothetical reflects all of the limitations ultimately adopted by the

administrative law judge in his RFC finding.   Compare Tr. 193-95 with Tr. 15-16.

> Q.  Okay.  We're going to change the hypothetical on our second one.  This
> will be hypothetical number two.  And it comes from exhibit number 7F.  Now
> it's a standard form that we usually see mental residual functional capacities
> and as you know, on page three is where they are supposed to give the specific
> one, but not every, not every psychiatrist or psychologist who is not familiar
> with our form knows how to fill it out.  Sometimes they only fill out the
> checkboxes, okay?  So let's assume that all the checkboxes are accurate for
> purposes of my questioning.  Take all the time you need, and I'll give you the
> whole four pages, but all the check marks are on the first three pages, and you
> can have this with you when you are testifying as well.  Let me know when
> you've looked it over sufficiently and can comment on it.

A.  All right.

Q.  Now let's assume that all the check marks in there, are, I find credible and believable and adopt as the mental residual functional capacity in this case. Could such an individual be able to do any or all of the claimant's past work, either as it's actually performed or as it's generally performed in the regional and national economies?

A.  The janitor and dishwasher job would remain.

Tr. 250. The vocational expert never provided any testimony regarding the mental demands of Plaintiff's past work, and the administrative law judge did not reference evidence regarding those demands from any other source. In his decision, the administrative law judge only referenced the vocational expert's statement regarding the exertional and skill level of Plaintiff's past work, and in the next paragraph found "[i]n comparing the above residual functional capacity ... with the physical and mental demands of this work, the undersigned finds that the claimant has been able to perform it as it was actually and generally performed." Tr. 19.

Despite the vocational expert's testimony that Plaintiff could perform his past work in light of the limitations presented in the hypothetical question, such evidence is insufficient because there is "no evidence of any kind, to establish the mental demands of [the claimant's] past relevant work and thus no evidence to support a finding that [the claimant] retain[ed] the mental RFC to [return to his past relevant work]." Frantz, 509 F.3d at 1304. The only information contained in the transcript of the administrative hearing as to the mental demands of Plaintiff's past work was elicited when Plaintiff's attorney asked whether an inability to work closely with other people would preclude employment as a dishwasher or janitor: "No.

Those jobs you work pretty much by yourself.  That wouldn't be a deal killer on either of those jobs." Tr. 258.  However, the vocational expert also opined that persons with a GAF[3] score of below 50 "are usually so focused on their psychiatric symptoms they don't have enough emotional and psychic energy to function well in the world of work" and that such might indicate an inability to sustain employment. Tr. 253, 256.  The vocational expert also questioned Plaintiff about his residence in an independent living facility for those with mental disorders. Tr. 255.  Then, in response to Plaintiff's counsel's question regarding how that might impact an individual's employability, the vocational expert stated: "More often than not, an individual who is living in a supervised mental health independent living program has a fairly severe mental health problem that is usually of such severity that independent [substantial gainful activity] type work is not something they are capable of doing." Tr. 256.  This testimony, together with the numerous moderate and marked limitations in Plaintiff's ability to perform basic work activities, makes a lack of information regarding the mental demands of Plaintiff's previous work particularly troublesome.

In summary, the administrative law judge's failure to discuss the mental demands of Plaintiff's past relevant work makes review of his decision that Plaintiff can perform his past

---

[3]A global assessment of functioning (GAF) score "is a subjective determination based on a scale of 1 to 100 of the clinician's judgment of the individual's overall level of functioning." Salazar v. Barnhart, 468 F.3d 615, 624 n. 4 (10th Cir. 2006) (citing American Psychiatric Association, Diagnostic and Statistical Manual of Mental Disorders (Text Revision 4th ed. 2000) (DSM-IV) at 32).  A GAF rating between 41 and 50 indicates "[s]erious symptoms (e.g., suicidal ideation . . .) OR any serious impairment in social, occupational, or school functioning (e.g., . . . unable to keep a job)." DSM-IV at 34 (emphasis omitted).

relevant work a practical impossibility.  In order to affirm the decision, the Court would have to surmise that Plaintiff's past jobs as janitor and dishwasher do not present mental demands beyond those which he can perform. Such is obviously inappropriate on appeal and, in any event, would be beyond the expertise of this Court.

Accordingly, the Court reverses and remands the decision below due to the administrative law judge's failure to elicit adequate information about the mental demands of Plaintiff's past relevant work. In light of this decision, it would be inappropriate to address Plaintiff's claim that the administrative law judge's step four decision was not supported by substantial evidence.

## CONCLUSION

Having reviewed the medical evidence of record, the transcript of the administrative hearing, the decision of the administrative law judge and the pleadings and briefs of the parties, the Court finds for the reasons stated above that the decision of the Commissioner must be reversed and remanded for additional proceedings consistent with this opinion.

**DATED this 18th day of June, 2009**

DOYLE W. ARGO
UNITED STATES MAGISTRATE JUDGE